DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:07 CR 338 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Shaneka Pittman | ) | |
| Donald Littleton | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Introduction

The superseding indictment in this case names 25 defendants, all of whom are charged in count 1 with conspiracy to possess with intent to distribute and to distribute cocaine, PCP, and marijuana.

The two defendants, Pittman and Littleton, have each filed motions to suppress cocaine seized from codefendants.

Count 2 of the superseding indictment charges:

> On or about October 9m, 2006, in the Northern District of Ohio, Eastern Division, ALESHIA BRYANT, ALRAINA LIGON, SHERONDA LIGON, and Jarese Pannell, aided and abetted by SHANEKA PITTMAN, aka Shaneka Sherrills, aka Alexis Price, did knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.
>
> All in violation of title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

(1:07 CR 338)

Count 3 of the superseding indictment charges:

> On or about January 18, 2007, in the Northern District of Ohio, Eastern Division, MARLENE BROWN, Janice Johnson, and JANAYE THORNTON, aided and abetted by DONALD LITTLETON, aka Thomas Jones, aka Qualo, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.
>
> All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

Each motion to suppress has resulted in separate evidentiary hearings.  Both motions to suppress relate to cocaine seized from passengers in vehicles being driven first by Shaneka Pittman on October 9, 2006 and second by Donald Littleton on January 18, 2007.  In each evidentiary hearing, the government produced testimony indicating a traffic stop of the vehicles, a subsequent use of a canine who gave a positive alert for the presence of a controlled substance, a subsequent search of the passengers in each of the two vehicles with a subsequent seizure of bricks of cocaine under the control of the passengers.  Counts 2 and 3 in the superseding indictment relate directly to the seizure of the cocaine.  Neither Shaneka Pittman nor Donald Littleton testified in support of their respective motions to suppress.  Consequently, neither Pittman nor Littleton offered testimony to support a privacy interest in the cocaine seized from the passengers in the vehicles which they were driving, and as to Pittman on October 9, 2006 and as to Littleton on January 18, 2007.

## II.  Have Either Pittman or Littleton Established Standing in Support of Their Motions to Suppress

2

(1:07 CR 338)

In a supplemental brief on the issue of standing, counsel for Shaneka Pittman alleges "It is likewise the law that an individual challenging a search must have some expectation of privacy in order to contest the search of places and items seized" and cites as authority United States v. King, 55 F.3d 1193 (6th Cir. 1995). Counsel for the defendant slightly mischaracterizes King. Rather, the decision in King, page 1195, states "to allege a Fourth Amendment violation, an individual must have 'a legitimate expectation of privacy in the items searched or seized". In King the defendant's assertion of privacy in letters he had sent to his wife was rejected. Specifically, in rejecting the Fourth Amendment claim, Judge Bertelsman, writing on behalf of the circuit, declared "In this case, King voluntarily mailed the letters at issue to his wife. Although he may have instructed her to preserve the confidentiality of the letters, there is no evidence that he expected her to return the letters to him. Under those circumstances, his expectation of privacy in the letters terminated upon delivery of the letters to his wife. Therefore, King lacks standing to allege a Fourth Amendment violation in the seizure of those letters.

"In addition, even if King had standing, the letters should not be suppressed because the government acquired them through the actions of a private individual. The Fourth Amendment does not apply to searches or seizures by private persons. Jacobsen, 466 U.S. at 114, 104 S.Ct. at 1656. Rather, it 'proscribes only governmental action and does not apply to a search or seizure, even an unreasonable one, conducted by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official'. United

3

(1:07 CR 338)

States v. Lambert, 771 F.2d 83, 89 (6th Cir.), *cert. denied*, 474 U.S. 1034, 106 S.Ct. 598, 88 L.Ed.2d 577 (1985)".

Neither Pittman or Littleton, the drivers of the two vehicles, testified that they provided the cocaine seized from the passengers in the vehicles.  No testimony was offered in support of the two motions to suppress that the drivers of the two vehicles had provided the cocaine to the passengers or even were aware that the passengers were couriers of the cocaine seized.  No case law has been provided to support the proposition that the fact that Counts 2 and 3 of the superceding indictment allege that Pittman (as to Count 2) and Littleton (as to Count 3) allege that Pittman and Littleton were aiding abetting the passengers in the vehicles with possession with intent to distribute cocaine equates the act of aiding and abetting with standing to contest the seizure of the cocaine from the passengers.  In sum the seizure of cocaine from a passenger in a motor vehicle, standing alone, does not provide standing to the driver of the vehicle to contest the seizure.

As a consequence, the motions of both Pittman and Littleton fail for the lack of standing.[1]

### III.  The Validity of the Traffic Stops of the Two Vehicles Driven by Pittman and Littleton

---

[1] The Court conducted an evidentiary hearing on defendant Littleton's motion to suppress on August 14, 2007.  A transcript of the hearing has been filed (see Docket No. 176).  At the conclusion of the hearing, the Court raised the issue of standing with counsel for Littleton.  After acknowledging that the Court had received the brief from defendant Pittman on the issue of standing, the Court gave counsel for defendant Littleton to file a supplemental brief on the issue of standing providing that the brief was filed by Monday, August 20, 2007.  A review of the docket indicates that no brief on behalf of Littleton on the issue of standing has been filed.  Apparently, counsel for Littleton relies on the brief filed by Pittman on the issue of standing.

(1:07 CR 338)

The Pittman vehicle was stopped on October 9, 2006 by a Ohio Highway State Trooper for a traffic violation. Subsequently, and without an unnecessary delay, a canine trained to detect the odor of cocaine arrived at the site of the stop of the Pittman vehicle and alerted for the presence of cocaine.  The subsequent seizure of cocaine packages from the passengers in the vehicles followed.  The court finds that the traffic stop was lawful and the subsequent use of the canine and eventual seizure of the cocaine did not violate the strictures of the 4th amendment.

A subsequent stop of the Littleton vehicle on January 18, 2007 under circumstances similar to the stop of the Pittman vehicle followed.  After considering the testimony involving that stop, initiated by a Ohio Highway State Trooper and determining that the stop followed a traffic violation, the subsequent use of a canine who also alerted on the Littleton vehicle did not violate the Fourth Amendment.

## IV.   Conclusion

Both motions to suppress fail for the lack of standing on the part of the defendants, Pittman and Littleton.  Alternatively, the Court finds the traffic stops and subsequent seizures did not offend the Fourth Amendment.

The motion to suppress by Pittman and the motion to suppress by Littleton are DENIED.

This case remains on the trial list for Monday, September 24, 2007 in Akron.

IT IS SO ORDERED.


  August 21, 2007                              /s/ David D. Dowd, Jr.
Date                                        David D. Dowd, Jr.
                                            U.S. District Judge